IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MATTHEW B. SHIVERS,

    Petitioner,

v.                                                    CASE NO. 4:13cv28-RH/CAS

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER DISMISSING PETITION

The defendant Matthew B. Shivers pleaded guilty to possessing a firearm as a convicted felon. Based on his three prior convictions of drug trafficking offenses, Mr. Shivers was an armed career criminal. *See* 18 U.S.C. § 924(e). He was sentenced to the minimum mandatory term of 15 years in the Bureau of Prisons.

Mr. Shivers appealed. The Eleventh Circuit affirmed. Mr. Shivers did not file a motion for relief under 28 U.S.C. § 2255 within the one-year limitations period and still has not done so.

Mr. Shivers has, however, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  The petition is before the court on the magistrate judge's report and recommendation, ECF No. 13.  No objections have been filed.

As correctly set out in the report and recommendation, Mr. Shivers is not entitled to relief under § 2241.

One other matter deserves mention.  In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held unconstitutionally vague the § 924(e) "residual clause."  That clause expands the category of § 924(e) predicate offenses.  A defendant who was an armed career criminal because of the residual clause and who has not previously filed a motion for relief under § 2255 can now seek relief under § 2255; the limitations period has reopened.  This apparently does not help Mr. Shivers, because he had three prior drug trafficking convictions; these were and are § 924(e) predicate offenses without regard to the residual clause.  In any event, now pending is only a § 2241 petition, not a motion under § 2255.  Mr. Shivers plainly is not entitled to relief under § 2241.

Accordingly,

IT IS ORDERED:

The report and recommendation is ACCEPTED and adopted as the court's

opinion.  The clerk must enter judgment stating, "The petition is dismissed."  The clerk must close the file.

    SO ORDERED on March 19, 2016.

                                      s/Robert L. Hinkle
                                      United States District Judge